UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISAIAH HARGRETT, JR.,

Plaintiff,

v. Case No. 3:26-cv-1771-JEP-LLL

FLORIDA DEPARTMENT OF CORRECTIONS and THE STATE OF FLORIDA,

Defendants.

---

**ORDER**

Plaintiff Isaiah Hargrett, Jr., an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1). Plaintiff sues the FDOC and the State of Florida for violating the Double Jeopardy Clause of the Fifth Amendment based on events that occurred on December 8, 2025.[1] (*Id.* at 2–3, 5). Plaintiff alleges he received a disciplinary report for allegedly attacking another inmate, as a result of which he lost six months of gain time and received a fifteen-year sentence for the same conduct in state court. (*Id.* at 4–5). Plaintiff asks the Court "to declare this dual/joint sentencing scheme unconstitutional

[1] Plaintiff does not allege where he was incarcerated at the time, but presently he is incarcerated at Florida State Prison. (*See* Doc. 1 at 2).

because it allows the State of Florida to violate the [Fifth] Amendment." (*Id.* at 5).

The Prison Litigation Reform Act requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Construing Plaintiff's allegations liberally,[2] the Complaint will be dismissed without prejudice for failure to state a plausible claim for relief. The Double Jeopardy Clause of the Fifth Amendment protects against: (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." *United States v. Mayes*, 158 F.3d 1215, 1219 (11th Cir. 1998) (internal quotation marks omitted) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)).

Plaintiff's claim that his Fifth Amendment rights were violated when he was criminally prosecuted after receiving a disciplinary report for the same conduct is foreclosed by circuit precedent. *See Mayes*, 158 F.3d at 1224–25 (holding that prison disciplinary sanctions for conduct connected to a prison riot did not preclude subsequent criminal prosecution of sanctioned prisoners for the same conduct under the Double Jeopardy Clause, because the government intended for the disciplinary regulations to be civil in nature, and the authorized sanctions were not so punitive on their face as to be deemed criminal); *see also Taylor v. Gomez*, 182 F.3d 927, 927 (9th Cir. 1999) (concluding that an inmate's double jeopardy argument lacked merit because

[2] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

the inmate's "custody classification is not punishment, but rather a method for housing inmates based on their behavior"); *United States v. Newby*, 11 F.3d 1143, 1146 (3d Cir. 1993) ("We do not believe that the Double Jeopardy Clause was ever intended to inhibit prison discipline. . . . If a prison disciplinary sanction bars subsequent criminal prosecution, the prison authorities will be forced to choose between instituting a disciplinary proceeding or awaiting a criminal prosecution."); *cf. Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

In addition, to the extent Plaintiff is "challenging the fact of his conviction or the duration of his sentence," his sole federal remedy is a habeas corpus action after exhausting his state court remedies. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Preiser v. Rodriguez*, 411 U.S. 475, 498, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). If Plaintiff wants to challenge his fifteen-year sentence, he may bring a habeas corpus action under 28 U.S.C. § 2254 after exhausting his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 865 (11th Cir. 2017) ("'[I]f the relief sought by the inmate would either

invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.'") (quoting *Hutcherson v. Riley*, 468 F.3d 750, 754 (11h Cir. 2006)). If Plaintiff wants to challenge the loss of gain time from the prison disciplinary proceeding, he may bring a habeas corpus action under 28 U.S.C. § 2241 after exhausting his state court remedies. *Tedesco v. Sec'y for Dep't of Corr.*, 190 F. App'x 752, 755–56 (11th Cir. 2006) (unpublished but persuasive); *see also Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003) (explaining the distinction and interplay between petitions under §§ 2241 and 2254).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Isaiah Hargrett, Jr., #L94181